UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
KENNETH F. PHILLIPS,                                :
                                                    :
                        Plaintiff,      :
                                                    :   Case No. 07 CV 3417 (DAB)
      v.                                          :
                                                    :
REED GROUP, LTD., REED GROUP, LLC, STACEY           :
GRACE, PRESLEY REED, PETER B. NAGEL, as             :
Trustee of the Presley Reed 1999 Family Trust       :
                                                    :
                        Defendants.    :
------------------------------------------------------------------------ x

## DECLARATION OF LESLIE D. CORWIN

    I, LESLIE D. CORWIN, declare as follows:

    1.    I am a Shareholder in Greenberg Traurig LLP, counsel to Reed Group, Ltd. ("Reed Group"), Reed Group, LLC (the "LLC"), Presley Reed, Stacey Grace, and Peter Nagel, Trustee of the Presley Reed 1999 Family Trust. I submit this declaration in support of Defendants Motion to Dismiss or in the Alternative Transfer to the District of Colorado.

    2.    Attached hereto as Exhibit A is a true and correct copy of Plaintiff's June 28, 2007, Verified Complaint and Jury Demand ("the Complaint") filed in the above-captioned matter.

    3.    Attached hereto as Exhibit B is a true and correct copy of the April 24, 2007, Affidavit of Kenneth F. Phillips in Support of Order to Show Cause with T.R.O. (the "TRO") in Civil Action, filed in New York Supreme Court, County of New York, Index No. 601192/07 (the "Removed Action"). The full TRO papers are attached to the Notice of Removal in this Action. Docket No. 1. It should be noted that while Plaintiff filed for injunctive relief in the TRO, seeking to stay any action by Defendants to sell Reed Group pending the outcome of the Removal Action, he did not pursue this claim after Removal.

4.   Prior to 2005, Colorado's Secretary of State had the power, pursuant to C.R.S. § 7-114-201, to dissolve companies where a company did not comply with various administrative requirements such as, e.g., filing a periodic report with the Secretary or failing to give notice that its registered agent had changed (a process referred to as "administrative dissolution"). Under Colorado law, the Secretary used the administrative dissolution process to suspend dissolved companies; upon reinstatement, the company was treated as if it had a continuous existence throughout the administrative dissolution period. Thus, acts occurring during that period were considered to be acts of the corporation, not the personal acts of its individual managers, officers, or directors. *See Rocky Mountain Sales & Service, Inc. v. Havana RV, Inc.*, 635 P.2d 935 (Colo. App. 1981); *Alperstein v. Sherwood International, Inc.*, 778 P.2d 279, 280 (Colo. App. 1989); *People v. Zimbelman*, 572 P.2d 830, 833 (Colo. App. 1977). In 2005 the Colorado legislature repealed the dissolution statute and replaced it with a delinquency statute. CRS §§ 7-90-901-7-905.

5.   Attached hereto as Exhibits C and D are true and correct print outs from the website of the Administrative Office of the United States Courts, Federal Court Management Statistics ("FCMS"), reflecting U.S. District Court Judicial Caseload Profiles for the Southern District of New York and the District of Colorado, respectively. *See* Administrative Office of the United States Courts, Federal Court Management Statistics, available at http://www.uscourts.gov/cgi-bin/cmsd2006.pl. As is apparent from Exhibits C and D, as of September 30, 2006, the FCMS website reflected the total number of pending cases (civil and criminal) per active judge in the Southern District of New York was 716 and in the District of Colorado was 370.

6. On June 25, 2007, Plaintiff filed his Complaint in this matter as a *pro se* litigant. *See* Docket No. 8, pg. 41 ("Kenneth F. Phillips, Pro Se Plaintiff" is typed into the signature space). It appears that Plaintiff's son Kenneth B. Phillips, an attorney admitted to practice in Massachusetts and New York, may be ghostwriting his father's pleadings and motions, while Plaintiff presents himself as a *pro se* party. As the Supreme Court recognized in *Haines v. Kerner,* courts often hold pleadings of *pro se* litigants to less stringent standards than those of represented parties. 404 U.S. 519, 520 (1972). Thus, an ostensibly *pro se* litigant who, in fact, is receiving assistance from counsel gains an unfair tactical advantage. Ghostwriting is "grossly unfair to both this court and the opposing lawyers and should not be countenanced." *Klein v. H.N. Whitney, Goadby & Co.*, 341 F. Supp 699 (S.D.N.Y. 1971). Indeed, counsel providing these behind-the-scene services may be violating Model Rule of Professional Conduct 8.4, which prohibits dishonest or misleading conduct by attorneys and may even be subject to Fed. R. Civ. P. Rule 11 sanctions. ABA Informal Ethics Opinion 1414; ABA Formal Opinion 1987-2 ("A lawyer may not prepare pleadings or documents for a *pro se* litigant, or must withdraw from assisting such litigant, if the litigant fails to disclose the lawyer's assistance to opposing counsel and the court"); Diemer, Mary, *Federal Court Bars Attorney from Ghostwriting Pleadings for Pro Se Litigant*, 32 LITIGATION NEWS 5, 8 (2007) (discussing possibility of Rule 11 sanctions for ghostwriting). A true and correct copy of the referenced *Litigation News* article is attached hereto as Exhibit E.

Executed pursuant to 28 U.S.C. § 1746, this 25th day of July, 2007.

_____
Leslie D. Corwin