# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Kenneth F. Phillips

Plaintiff

)  Index Number: 601192/07

v.

Reed Group, LLC            )  AFFIDAVIT IN SUPPORT
Stacey Grace
Presley Reed
Peter B. Nagel, Trustee of the
Presley Reed 1999 Family Trust

Defendants.

STATE OF NEW YORK
COUNTY OF NEW YORK ss:

**Kenneth F. Phillips being duly sworn, deposes and says:**

I am the plaintiff in this matter. I make this affidavit in support of this motion for a temporary injunction pursuant to CPLR 6301 and 6311, and request an order prohibiting the Defendant(s), RGL, and its stakeholders, officer and directors from disposing of any material assets, entering into a transaction to sell the RGL entity or otherwise to dispose of assets.

**I believe the Court should grant this motion because**

Upon information and belief defendants threatens to or is about to sell the Reed Group, while there is still disagreement about the ownership of certain assets between the plaintiff and the defendants. A sale might also render the judgment ineffectual and will permanently and irrevocably injure the plaintiff's ability to recover damages and obtain clarity surrounding the actual ownership of assets created by the plaintiff and now used without permission by the defendants.

**ARGUMENT**

I. PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION ENJOINING DEFENDANTS FROM ENTERING INTO AN AGREEMENT TO SELL Reed Group, LLC.

The Court should grant Plaintiff's motion for a preliminary injunction because defendants' improper conduct is causing him irreparable injury, he is likely to succeed on the merits of his claims, and the balance of equities tips decisively in his favor. It is well established that:

> A preliminary injunction may be granted under CPLR article 63 when the party seeking such relief demonstrates: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor. Doe v. Axelrod, 73 N.Y. 2d 748, 536 N.Y.S.2d

1

44 (1988).

Where the parties have plainly expressed their intent in writing, the meaning of the writing is to be determined as a matter of law on the basis of it alone. *(See, Chimart Assoc. v Paul,* 66 NY2d 570, 572 [1986].) "Clear and complete writings should generally be enforced according to their terms. . .,' *(Collins v E-Magine,* LLC, 291 AD2d 350, 351 [2002];) In this action, the contract between the parties, the Agreement clearly defines Plaintiff is entitled to a share of 2% of the profits from 2005 band 2006 and a portion of the price paid for the company; therefore his action will be successful on its merits.

### II. Plaintiff will continue to suffer irreparable injury unless defendants' sale of the RGL assets is enjoined.

The abrupt dissolution of the Board of directors, of which the plaintiff was a member in contemplation of an impending sale and the defendants' continued assertion that plaintiff has no claim whatsoever has and continues to injure plaintiff. Once the assets have been sold and possibly parceled to different entities (as defendant has done in the past) it may be impossible to obtain the plaintiffs ownership rights, especially if the assets move overseas.

RGL has significant overseas ambition and in 2003 was in fact a Singapore based Company which creates the possibility that any judgment would be ineffectual. Additionally in 2002 and 2003 RGL was similarly liquidated by the plaintiffs while other minority shareholders were left with a worthless shell.

Since plaintiff is also asking for clarity on the ownership of certain assets; such as the ACOEM guidelines and other work products plaintiff created ; the sale of the company will obscure and possibly eliminate the value of these assets. Again in the Singapore transaction the actual ownership and repatriation of certain assets was obscured and subject to verbal undisclosed arrangements between buyer and seller.

Enjoining the sale will allow this action to proceed and be determined before the assts are irreparably disassembled, transferred or moved overseas. At the same time there will be no damage to the defendant who can continue to pursue all of the normal activities except to consummate a sale.

### III. The balance of equities favors Plaintiff because his investment in RGL, upon which his family depends, is now in jeopardy and because defendants will suffer no harm from the entry of the requested injunction.

The plaintiff has made a multi million dollar investment in RGL at the request and encouragement of the defendant. This has significantly required a significant portion of his net worth and the failure to recover this investment would have significant negative effects on his personal financial welfare.

Additionally, plaintiffs participation in new ventures is in jeopardy because the investors of said ventures are concerned about the time and financial commitment the plaintiff will need to bring forth to support this action.

In contrast the defendant will suffer no injury. The defendant can continue with the mechanics of a potential sale but will have to inform any potential buyers that plaintiff is another party at interest and prior to closing the actual sale RGL and the potential buyer will be able to recognize and take steps to satisfy the legal and equity rights of the plaintiff as they are determined by this action.

**The Facts:**

1. Over a 4 year period from September 12, 2002 thru October 24, 2006 Kenneth F. Phillips ("Phillips") provided significant service to Reed Group, LLC ("RGL") as an advisor, Board Member and Joint Venture partner. His efforts helped to generate over $50 Million in value while receiving no compensation from RGL for his services.

2. The RGL value increased from approximately $6.45 Million Dollars in FY2001 to approximately $60 Million Dollars in FY2006, an increase of over $53 Million Dollars in value. A significant portion of this value was added by the activities and services provided by Phillips at the direct request of the defendants and based on Phillips reliance on the promise of an equitable stake in RGL.

3. Phillips created this value for RGL based on the reliance, as reasonably created by the Defendants, that he had a fully vested ownership interest as an Economic Interest Owner in RGL ("RGL Owner"). Phillips status as an RGL Owner is outlined in the Reed Group LLC Operating Agreement (the "Agreement", Exhibit A hereto). RGL has paid Phillips no compensation as is required in the Agreement.

4. This Agreement, Exhibit A memorialized Phillips as a 2 percent Economic Interest Owner, 100% vested.

5. Phillips was granted 33.33 percent of the entire Economic Ownership, (2% of 6%) in recognition by the Defendants of his role and the value he was providing to RGL. It is this ownership that plaintiff wishes to protect by this order.

6. On March 30, 2005 Reed sent the Agreement to Phillips and Reed noted that he believed that he had obtained the result he wished to achieve.

7. From March 31, 2005 forward all parties operated under the guidance and control of the Agreement.

8. Upon Plaintiff's knowledge and belief, other Economic Interest Owners were notified by Reed and Grace that they have an ownership interest in RGL and many may have additional agreements to this effect.

9. In addition to being an RGL Owner Phillips, also based on a reliance reasonably created by the Defendants, entered into a Joint Venture arrangement (the "JV") with RGL on or about May 15, 2004 to create a new product, called the ACOEM Utilization Management Knowledgebase ("ACOEM UMK"). This JV required Phillips to contribute cash, computer systems, network connectivity, programming and consulting to this effort The product, ACOEM UMK, is now completed and being distributed and sold by RGL. . Phillips was to be compensated by a percentage of the revenue to be derived from this product. RGL has refused to recognize Phillip's effort in this JV and has paid him no compensation in connection with the JV.

10. In addition to the RGL Owner interest and the JV interest, Phillips at the direct request of the Defendants also represented RGL to the investment community to secure liquidity for the Defendants. In order to do this Phillips prepared specialized materials for his use (the "Phillips work product"). Phillips was to receive additional compensation based on the success of these efforts. To the best of Phillip's knowledge and belief RGL continues to use these materials and the favorable results these materials created for RGL's benefit with no compensation to Phillips.

11. Since Reed abruptly dissolved the Board on Oct.24, 2006 there has been no communications from RGL to Phillips on any matters and in fulfillment of RGL's

3.

responsibilities other than to refer Phillips to RGL's Attorney David Palmer.

12. On March 16, 2007 RGL's attorney, David Palmer indicated in a letter to Phillips that the Defendants had authorized Palmer to communicate to Phillips that no compensation would be provided.

13. As a result of the conduct mentioned above Phillips has and continues to suffer significant financial harm.

14. Upon information and belief RGL is actively seeking purchasers to sell the business in whole or in part and that such a recombination and the lack of transparency in such a closely held family business will jeopardize Phillips' recovery. Phillips seeks immediate judicial intervention in the form of temporary injunctive relief on such corporate activities until this matter is resolved.

15. Plaintiff hereby moves, pursuant to CPLR 6301 and 6311, for an order prohibiting the Defendant(s), RGL, and its stakeholders, officer and directors from disposing of any material assets, entering into a transaction to sell the RGL entity or otherwise to dispose of assets.

A prior application has not been made for the relief now requested.

Wherefore I respectfully request that this motion be granted, and that I have such other and further relief as may be just and proper.

Sworn to me on the _____ day APR 2 4 2007 , 2007

_____
Notary Public
CAROLYN V. JONES
Notary Public, State of New York
Reg. No. 04JO5022377
Qualified in New York County
Commission Expires Jan. 10, 2010

_____
Kenneth F. Phillips

(4)