# EXHIBIT E

LITIGATION NEWS · JULY 2007 · VOL. 32, NO. 5 · www.abanet.org/litigation/litigationnews/home.html

# ETHICS

## Federal Court Bars Attorney from Ghostwriting Pleadings for Pro Se Litigant

*Court says covert assistance can violate Federal Rules of Civil Procedure—and be unethical*

By MARY S. DIEMER
LITIGATION NEWS ASSOCIATE EDITOR

Drafting pleadings and briefs and performing legal research for a pro se litigant can violate the New Jersey Rules of Professional Conduct, as well as Rule 11 of the Federal Rules of Civil Procedure, a federal district court has held. *Delso v. Trustees for the Retirement Plan for the Hourly Employees of Merck & Co.*

In *Delso*, a New Jersey attorney was admonished for failing to disclose that she had ghostwritten various papers for a widow who had brought a pro se ERISA action. The attorney drafted pleadings and briefs for the widow and directed her to tell the court that he had written them, which she failed to do.

Although the attorney was not sanctioned or disqualified from later representing the plaintiff, the court provided a comprehensive analysis of how ghostwriting and other informal assistance can be unethical as well as violate Rule 11.

The limitations on ghostwriting are clearly justified, even though the issue can involve many variables, says David E. Kendall, Washington, DC, Co-Chair of the Section of Litigation's Ethics & Professionalism Committee. "It is important to keep the courts open to pro se litigants," says Kendall, who adds that "judges do bend over backward to assist pro se litigants, which is the right thing to do."

Kendall says courts that have sanctioned attorneys who provide such informal assistance do so out of concern that attorneys are guiding the course of the litigation "with an unseen hand" yet simultaneously obtaining the benefit of the liberal construction rules that judges save for pro se litigants. He maintains that judges should not have to ask whether the arguments of the pro se represent "a lawyer in

*Most lawyers are "shocked to learn that they could be violating an ethics rule just by helping someone out."*

pro se litigant's clothing. A litigant like that doesn't deserve the title of pro se."

The *Delso* court clearly was troubled by the deceptiveness of ghostwriting, and the court's analysis and conclusion "are consistent with those of other states that have issued opinions regarding the practice," says Penny J. White, Knoxville, TN, a former Co-Chair of

Kendall's committee. Ghostwriting, however, continues to be such an issue of interest, because lawyers arguably have conflicting duties in cases such as these, White says. "Attorneys have a duty to make legal services available to everyone and to help the public understand the law. However, they are not permitted to unduly restrict potential liability arising from their advice to a putative client," she notes.

Kendall believes it might make a difference if the pro se litigant were "permitted to disclose in the pleading that an attorney provided research or other drafting assistance. That would definitely put the court on notice that a pro se client received assistance from an attorney."

Although nearly all courts and state bars that have addressed the issue forbid this type of informal assistance, the prohibition against ghostwriting is not widely known. "Most lawyers I talk to are shocked to learn that they could be violating an ethics rule just by helping someone out," adds White. □

Resource:

*Delso v. Trs. for the Ret. Plan for the Hourly Emples. of Merck & Co.*, 2007 U.S. Dist. LEXIS 16643 (D.N.J. 2007).

