UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
KENNETH F. PHILLIPS,                          :
                                              :
                    Plaintiff,            :
                                              :   Case No. 07 CV 3417 (DAB)
      v.                                      :
                                              :
REED GROUP, LTD., REED GROUP, LLC, STACEY     :
GRACE, PRESLEY REED, PETER B. NAGEL, as       :
Trustee of the Presley Reed 1999 Family Trust :
                                              :
                    Defendants.           :
------------------------------------------------------------------- x

## DECLARATION OF PETER NAGEL

I, PETER NAGEL, declare as follows:

1.    I am outside Colorado corporate counsel to the Reed Group, Ltd. ("Reed Group") and Trustee of the Presley Reed 1999 Family Trust, a defendant in this action. I submit this Declaration in support of Defendants' Motion to Dismiss or in the Alternative Transfer to the District of Colorado ("Motion").

2.    I make this declaration based on my personal knowledge of the facts set forth herein and information provided to me by officers and employees of Reed Group.

3.    I have reviewed the pleadings and other papers filed by the plaintiff, Kenneth F. Phillips, in this action and in the original action in New York State Supreme Court, County of New York, Index No. 601192/07 that was removed.

*This Action is Centered in Colorado and Has No Connection to New York*

4.    There is no connection between New York and the parties in this case or the facts underlying its issues. All Defendants are Citizens of Colorado. The events related to this action took place almost exclusively in Colorado and none of them took place in New York.[1]

5.    The Reed Group is an industry-leading provider of services related to employee absence and disability management. Reed Group has 260 employees. Presley Reed, Stacey Grace and the Presley Reed 1999 Family Trust, together own 100% of its outstanding shares. The Reed Group is a Colorado corporation in good standing with its principal place of business in Westminster, Colorado.

6.    The vast majority of the Reed Group's business is conducted at its Westminster, Colorado headquarters, the office location for 140 employees including its entire sales department. Although the Reed Group has one call service center in Albany, New York, that call center exclusively services existing Reed Group clients, does not solicit any business, and has no sales people. Reed Group has no bank accounts in New York and does not own any real property in New York. (Reed Group rents its Albany office space.) Reed Group does not target any marketing, advertising or business specifically to the residents or businesses of New York.

7.    Reed Group, LLC (the "LLC") is a Colorado Limited Liability Company which was formed in 2004, but never operated as a business and never had any of its own assets or employees. In its articles of organization, its principal place of business is listed as Westminster, Colorado. The LLC never finalized any Operating Agreement, never hired any employees, never

---

[1] Plaintiff references a negotiation in Armonk, New York between Reed Group and IBM, a one-time potential purchaser of Reed Group is Plaintiff's sole allegation of any New York connection to this action. Compl. ¶ 132. Plaintiff was not present and not involved in those negotiations, no sale occurred as a result of the negotiations and IBM and Reed Group are no longer pursuing a sale.

admitted any members and never appointed any managers. As the LLC is completely inactive, it has no contact with New York.

8. Presley Reed, MD, ("Dr. Reed") the founder, Chief Medical Officer and Chairman of the Reed Group, is an occupational physician and a board-certified psychiatrist. Among other notable accomplishments, Dr. Reed founded the first pain management center in the Rocky Mountain region; is a Fellow of the American Academy of Disability Evaluating Physicians; has served as Chairman of the American Board of Independent Medical Examiners; and is a Certified Independent Medical Examiner. Dr. Reed is a citizen of Colorado and owns no property in New York.

9. Stacey Grace ("Grace"), President of the Reed Group, has extensive background in project management, systems, process analysis, sales and marketing, disability guidelines, and training. Grace is a citizen of Colorado, owns no property in New York, and is married to Dr. Reed. (Dr. Reed and Grace together are the "Founders").

10. At all times relevant to the Complaint Dr. Reed and Grace had authority to act on Reed Group's behalf and Phillips was aware of their authority.

11. The Founders' sole office is located in Westminster, Colorado although they travel frequently for business. All of the business they conduct while traveling is on behalf of the Reed Group; they conduct no personal business outside of Colorado. Although they have traveled to New York on behalf of Reed Group, nearly all of that travel has been to attend trade shows and conferences or to visit the Albany call service center and has no connection to any of the events at issue.

12. As stated above, I am an attorney admitted to practice in Colorado, outside Colorado corporate counsel to the Reed Group and Trustee of the Presley Reed 1999 Family

Trust (the "Trust"). I am a citizen of Colorado and own no property in New York. Neither I nor the Trust conducts any business in New York, and neither was involved in any of the events underlying this action.

13. The Plaintiff Kenneth F. Phillips ("Phillips"), a Massachusetts resident, is a former consultant to, and former member of the Board of Directors of, the Reed Group. Phillips provided services to the Reed Group beginning in approximately 2002 and ending with his involuntary termination in October 2006. The overwhelming majority of the services he provided were either in Colorado or from his Massachusetts home.

14. The majority of potential witnesses, including five of the eleven non-party individuals named in the Complaint and all of Reed Group's employees who have relevant information, live or work in Colorado. All of Reed Group's relevant documents are located in Colorado and none are located in New York. I am not aware of any relevant potential witnesses who reside in New York. Denise Meyrer, a New York resident, runs the Albany call service center for Reed Group.

***Reed Group History Contorted by Phillips***

15. The Complaint is replete with half-truths and insinuations of misuse of corporate entities by Dr. Reed and Grace. Contrary to Plaintiff's description of the Reed Group's history, at most, the company attempted two restructurings that it either unwound (its Singapore Stock Exchange listing) or decided not to go forward with a new entity (the formation of the LLC). Far from abusing the corporate form, unlike many small closely held corporations, the Reed Group holds board meetings, has outside board members and does not intermingle personal and

corporate assets.[2] I do not attempt here to address all of the factual inaccuracies, but would like to clarify some items about the Singapore public offering.

16. In 2000, the Founders converted Reed Group into a public company. Subsequently, due to declining stock prices and pressure from shareholders caused, the Singapore company sold Reed Group assets back to the Reed Group.

17. Plaintiff's allegation that "[a]s of July 29, 2000 all of the assets of [Reed Group] were now outside the US" (Complaint ¶ 10) is false. To the contrary, while Reed Group's assets were owned by the Singapore entity, the assets themselves—including the offices, equipment, bank accounts and operations—never left the country. In addition, at all times the Reed Group was a Colorado company.

18. Plaintiff also claims that the Founders violated a moratorium provision in the prospectus of the Singapore entity by selling their shares on January 15, 2003. Complaint ¶ 47. The moratorium provides that Dr. Reed and Grace will not sell or transfer their shares "for a period of 12 months commencing from the date of admission of the Company to the Official List of [the Singapore Stock Exchange]" and "[i]n the 12 months thereafter, [they] have undertaken that they will not reduce their respective shareholding to below 50% of their respective shareholdings ..." Compl., Exh. C, pg. 36. Thus, at the second anniversary of listing on the Singapore Stock Exchange, the Founders were free to sell or transfer 100% of their shares. As reflected in the article attached as Exhibit A from Strait Times Interactive: Money, the Singapore entity was listed on or before August 1, 2000 (the date of the article), more than two years before the January 15, 2003 sale.

---

[2] Even assuming arguendo that the allegations were true, as set forth in the Moving Brief as a matter of law, Plaintiff has not established his claims.

5

***The Joint Venture Allegations: the ACOEM UMK Product***

19. ACOEM is the American College of Occupational and Employment Medicine; it is a national trade association. The UMK ("Utilization Management Knowledgebase") was a database engine that the Reed Group created to provide a search facility of ACOEM's Occupational Medicine Practice Guidelines, 2nd Edition. The ACOEM employees and documents relating to the ACOEM UMK product are located at ACOEM's offices in Illinois.

20. Attached hereto as Exhibit B is a true and correct copy of the Publishing Agreement dated March 23, 2007 and entered into between ACOEM and Reed Group. [Exhibit B will be filed under seal.] Phillips is not mentioned anywhere in the Agreement, neither as a joint venturer with Reed Group nor in any other capacity.

21. Plaintiff alleges that he is a part owner of the ACOEM UMK by virtue of a "Joint Venture arrangement" that he allegedly formed with Reed Group. Compl. ¶ 98. No such joint venture arrangement ever existed and the Reed Group never agreed that Plaintiff would have any ownership interest in the ACOEM UMK. Indeed, Plaintiff took an active role in negotiating the contract between the Reed Group and ACOEM (Exhibit B above), and while the contract sets out the rights and contributions of each party, it does not include an ownership interest or profit share for Plaintiff.

22. Plaintiff claims that he contributed cash and absorbed business-related expenses of the joint venture for a total investment of $80,000. Compl. ¶ 3. Reed Group's general ledger, however, reflects no investments by Phillips and none of the defendants are aware of any such investment. While Plaintiff did at one point lay out $18,000 in connection with the ACOEM UMK, Reed Group reimbursed him for that payment. Plaintiff neglects to mention that he regularly submitted his expenses to, and was reimbursed for his expenses by, Reed Group,

including those related to the ACOEM UMK. Attached hereto as Exhibit C is a print out from Reed Group's general ledger reflecting all payments to and from Plaintiff. The general ledger does not reflect any outstanding debt to Plaintiff.

***Allegations that Plaintiff Was Promised a Share in Any Post-Sale Business***

23.  Plaintiff alleges that upon sale of the Reed Group he was promised an ownership interest in the "successor." Compl. ¶ 129. In support of this allegation, he describes a conversation with Reed Group's CFO, Judith Combs, in which she "informed Phillips that she was aware that Dr. Reed had this objective [of giving equity in a successor entity] and saw it as a possible way" to compensate contributors. Compl. ¶ 130. Ms. Combs, who is not a Reed Group shareholder, had no authority to offer Plaintiff an equity interest, and he does not allege that she did.

24.  Reed Group did not engage in serious negotiations with any one potential buyer, much less any buyer brought to it by Plaintiff (and he does not allege that the negotiations progressed beyond a letter of intent).

25.  Attached hereto as Exhibit D is a true and correct copy of an October 14, 2006 letter sent by Salmon River Capital and ABS Capital Partners to Grace and Dr. Reed, which I understand to be the letter of intent referenced in the Complaint. [Exhibit D will be filed under seal.] The letter is not signed by either Dr. Reed or Grace, and they did not enter into any agreement with either Salmon River Capital or ABS Capital Partners. Contrary to Phillips' contention, this letter has not been used by Reed Group or its financial advisors as they plan for a potential sale.

26.  As of now, Reed Group is commencing a public auction rather than a one-on-one negotiation to sell.

27. Plaintiff claims that he deserves compensation because he drafted the Phillips Book, a document he allegedly used as a marketing tool to the investment community, and which he alleges is still in use by Reed Group. But nothing came of any effort Plaintiff made "representing Reed Group" to the investment community, he did not meet the contingency set out in the vague "promise" he cites and Reed Group is not using the Phillips Book. Attached hereto as Exhibit E is a true and correct copy of a document partially drafted by Phillips, that I recognize as the document described in the Complaint as the RGCorp. Book and which is referenced in the moving brief as the Phillips Book. [Exhibit E will be filed under seal.]

28. At least since December 15, 2006, the Reed Group has used a new "book" it created after Phillips left. A true and correct copy of the new "book" is attached hereto as Exhibit F. [Exhibit F will be filed under seal.]

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Executed pursuant to 28 U.S.C. § 1746, this 25th day of July, 2007.

_____
PETER NAGEL, Trustee for the
Presley Reed 1999 Family Trust