

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH F. PHILLIPS,

                  Plaintiff,

v.

REED GROUP, LTD., REED GROUP, LLC, STACEY GRACE, PRESLEY REED, and PETER B. NAGEL, as Trustee of the Presley Reed 1999 Family Trust,

                  Defendants.

07 Civ. 3417 (RO) (DF)

MEMORANDUM & ORDER

RICHARD OWEN, United States District Judge:

    *Pro se* Plaintiff Kenneth F. Phillips ("Plaintiff" or "Phillips") brings claims for breach of contract, negligent misrepresentation, quantum meruit and unjust enrichment, promissory estoppel, and breach of fiduciary duties against Reed Group, LTD ("the LTD"), Reed Group, LLC ("the LLC"), Stacey Grace ("Grace"), Presley Reed ("Reed"), and Peter B. Nagel ("Nagel") as Trustee of the Presley Reed 1999 Family Trust (collectively "Defendants.") This Court has jurisdiction in this diversity action under 28 U.S.C. § 1332.

    All five Defendants move to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(3) and (6) on the basis that venue is improper and that Plaintiff fails to state a claim upon which relief can be granted. Four Defendants move to dismiss the action under Federal Rule of Civil Procedure 12(b)(2) on the basis that this Court lacks personal jurisdiction over them. All Defendants also request that if this case is not dismissed, it be transferred to the District of Colorado.

Magistrate Judge Debra Freeman issued a Report and Recommendation recommending that Defendants' motion be granted in part in denied in part. For the reasons set forth below, this Court concurs with the Report and Recommendation and adopts it as the Order of this Court.

## BACKGROUND

The factual background of this action is provided in the Report and Recommendation and will not be repeated here in full. According to the allegations provided in the Amended Complaint, Plaintiff Kenneth Phillips was a member of the Board of Directors of corporate defendants the LTD and LLC from approximately 2002 to 2006. Plaintiff asserts that the LTD, a "business process outsourcer" providing publications, software, and other materials aimed at "streamlin[ing] employee absence operations for employers" maintains an office and mailing address in New York state and that 40 percent of its revenue is generated in the state. (Amended Complaint ¶ 2.)

Defendants Reed and Grace are the sole members of the LLC. Plaintiff claims that at the request of Defendants and allegedly in reliance on promises of an equitable share of ownership in the LTD, he expended thousands of hours of work and contributed tens of thousands of dollars in capital and expenses, for which he was not compensated. Amongst Plaintiff's claims, he alleges to have either created or enhanced the value of the two products sold or distributed by the LTD, the "Utilization Management Knowledgebase" ("ACOEM UMK") as a "joint venture" with Defendants in which Plaintiff would bear initial costs in exchange for being compensated later based on the value of the product and revenue it created, and the Medical Disability Advisor. (the "MDA") Plaintiff alleges that Defendants Reed and Grace abused the corporate form by creating a shell corporation by which Plaintiff was induced him to provide such uncompensated work. Plaintiff alleges that Defendants Reed and Grace traveled to New York

repeatedly on LTD-related business, that Reed met with Plaintiff in New York City on numerous occasions, and that Reed conducted business extensively in New York at various points from 2002 to 2006. Plaintiff claims that, based on discussions with Defendant Reed in New York, he expected to receive equity in return for his work, and Plaintiff claims that Reed gave him an unsigned LLC operating agreement reflecting this understanding.

This action was originally filed in Supreme Court of New York, County of New York, and was thereafter removed to this Court under 28 U.S.C. § 1441. [dkt. no. 1.] Because of the complete diversity of citizenship of the parties and the matter in controversy exceeding $75,000, removal was proper. Plaintiff filed his Amended Complaint on August 28, 2007. [dkt. no. 22.] Defendants then moved to dismiss or in the alternative to transfer this action to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). [dkt. no. 28.] Magistrate Judge Freeman issued a Report and Recommendation (the "Report") in which she recommended that Defendants' motion to dismiss be granted in part and denied in part. [dkt. no. 43.] Defendants filed objections to the Report [dkt. no. 45], which Plaintiff opposed. [dkt. no. 46.] Plaintiff thereafter filed a motion *in limine* to exclude the Declarations of Peter Nagel [dkt. no. 49], to which Defendants responded by letter on December 20, 2012.

## DISCUSSION

### A. Standard of Review

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making such determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error.

The Report and Recommendation recommended as follows: that Defendants' motion to dismiss be granted as to portions of Plaintiff's breach of fiduciary and promissory estoppel claims; that Plaintiff be granted leave to replead his claim for negligent representation; that

Defendants' motion to dismiss be granted as to Defendant Nagel for lack of personal jurisdiction; and that Defendants' motion be otherwise denied.

Defendants object to the Report and Recommendation on the following grounds: that Plaintiff has not alleged, and the evidence does not support, a connection between the LLC and New York at the time the complaint was served; that the Report improperly recommended piercing of the corporate veil; that the Report improperly analyzed the factors governing motions to transfer in recommending the action not be transferred to the District of Colorado; that the Report improperly provided Plaintiff leave to amend his negligent misrepresentation claim; and that the Report improperly denied Defendants' motion to dismiss Plaintiff's breach of contract, promissory estoppel, quantum merit and unjust enrichment, and breach of fiduciary duty claims in their entirety.

### B. Personal Jurisdiction

Four of the five Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(2) on the basis that this Court lacks personal jurisdiction over them. Plaintiff claims this Court can exercise personal jurisdiction over Defendants Reed and Grace on the basis of general jurisdiction, specific jurisdiction based on acts in New York giving rise to Plaintiff's claims, and piercing of the corporate veil.

Courts considering whether to pierce the corporate veil to impose liability on individual shareholders assess 1) the extent to which the corporation is merely the "alter ego" of the shareholder, 2) whether justice requires piercing the corporate veil based on the fact that the corporate fiction was a means of perpetuating a fraud or defeating a rightful claim, and 3) whether an equitable result will be achieved by piercing the corporate veil. *Phillips v. Englewood Post No. 322 Veterans of Foreign Wars of the United States, Inc.*, 139 P.3d 639, 643-

44 (Colo. 2006). An "alter ego relationship exists when the corporation is a 'mere instrumentality' for the transaction of the shareholders' own affairs, and there is such unity of interest in ownership that the separate personalities of the corporation and the owners no longer exist." *Id*. at 644. This unity of interest consideration requires courts to consider several factors, including whether: "(1) the corporation is operated as a distinct business entity, (2) funds and assets are commingled, (3) adequate corporate records are maintained, (4) the nature and form of the entity's ownership and control facilitate misuse by an insider, (5) the business is thinly capitalized, (6) the corporation is used as a 'mere shell,' (7) shareholders disregard legal formalities, and (8) corporate funds or assets are used for noncorporate purposes." *Id*.

Magistrate Judge Freeman found that Plaintiff failed to adequately plead facts indicating a basis to exercise personal jurisdiction over Nagel and that, because Plaintiff had already filed an amended complaint addressing Nagel's arguments on this issue, there was no indication that Plaintiff could plead facts demonstrating that this Court has jurisdiction over Nagel. The Report also concluded that Plaintiff sufficiently alleged that the Court has personal jurisdiction over the LLC because the LLC was designed to operate as the LTD's successor in interest and that the LLC did operate as Reed Group for a period of time. The Report found that the exercise of jurisdiction over Defendants under principles of general jurisdiction was not proper because these Defendants did not have a sufficient presence in New York nor was specific jurisdiction proper because Plaintiff failed to allege a connection between the causes of action and transactions executed in the state by Grace, and did not sufficiently allege that meetings between Plaintiff and Reed in New York were essential to the business relationship between the parties. The Report concluded, however, that Plaintiff's factual allegations were sufficient at this stage for this Court to pierce the corporate veil. Specifically, the Report found that Plaintiff

sufficiently alleged that Reed and Grace abused the corporate form by creating a shell LLC to induce Plaintiff to provide uncompensated work for the LTD, and received a benefit in the form of the increase in value of the MDA based on this uncompensated work. Plaintiff also alleged that these Defendants commingled personal property with that of the LTD.

Defendants claim that the Report improperly evaluated the facts in light of the veil piercing factors, improperly finding thereby that Plaintiff's allegation that Defendants had personally benefited from Plaintiff's uncompensated work and commingled personal assets with the assets of the LTD was insufficient to support a finding that the LTD was an alter ego or "mere instrumentality" of individual Defendants. (Def. Obj. at 11-13.)[1] According to Defendants, "isolated missteps in corporate formalities and the commingling of a single assert are not sufficient to pierce the corporate veil where, generally, the corporation has properly observed the formalities and has segregated all other assets" and that the commingling of the MDA with corporate assets is insufficient. (*Id*. at 11-12.) Defendants also urge that the capitalization of the LTD is sufficient to defeat piercing and that Plaintiff has not shown that an equitable result will result from piercing the corporate veil.

Defendants' objections either generally repeat arguments previously made in support of dismissal or make factual arguments that are improper at this phase. This Court finds that Plaintiff's plausible allegations are sufficient to support a finding, at this stage of the litigation, that piercing the corporate veil is appropriate. Accordingly, this Court concurs with the Report's conclusion in this regard. This Court also concurs with the Report's recommendation that Defendants' motion to dismiss be granted on Plaintiff's claims against Defendant Nagel because there is no basis to exercise personal jurisdiction over him. Accordingly, he is dismissed as a

---

[1] "Def. Obj" refers to the February 25, 2011 Objections of Defendants to Magistrate Judge Freeman's Report and Recommendation.

Defendant.

C. **Venue and Defendants' Motion to Transfer**

The Report recommended that Defendants' motion to dismiss for lack of venue under 28 U.S.C. § 1391 be denied because that section, which governs venue in diversity of citizenship cases, is inapplicable in cases that have been removed from state court. Under 28 U.S.C. § 1441(a), which governs venue in cases that have been removed to federal court, venue is proper in this district.

Defendants moved to transfer this action to district court in the District of Colorado under 28 U.S.C. § 1406 and 28 U.S.C. §1404. Having found that venue is proper in this district under 28 U.S.C. § 1441, the Report recommended denial of Defendants' motion to transfer this action to the District of Colorado under 28 U.S.C. § 1406, which provides for dismissal or transfer of actions that have been filed in the wrong district. The Report also recommended denial of Defendants' motion to transfer under 28 U.S.C. § 1404, which allows transfer to a district where venue is proper in the interests of convenience and justice.

"Motions to transfer lie within the district court's broad discretion" and as such are reviewed only for clear abuse of discretion. *AIG Financial Products Corp. v. Public Utility Dist. No. 1 of Snohomish County, Wash.*, 675 F. Supp. 2d 354, 367 (S.D.N.Y. 2009); *Marvel Entertainment, LLC v. Kimble*, 2010 WL 5174398, at *2 (S.D.N.Y. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Once the court determines that venue would be proper in the proposed transferee district, motions to transfer are determined based on "the convenience of the parties and witnesses, in the interests of justice" on a case-by-case basis. *See* 28 U.S.C. § 1404(a); *see New York Marine and Gen. Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 112-13 (2d Cir. 2010).

Plaintiff's choice of forum "is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Royal & Sunalliance v. British Airways*, 167 F.Supp.2d 573, 577 (S.D.N.Y. 2001) (*citing Warrick v. General Elec. Co.*, 70 F.3d 736, 741 (2d Cir. 1995). As such, the moving party "bears the burden of making a 'clear-cut showing that [transfer] is warranted,' and that 'the balance of convenience weighs clearly in [its] favor.'" *AIG Financial Products Corp.*, 675 F.Supp.2d at 367 (*citing Elbex Video Ltd. v. Tecton, Ltd.*, 2000 WL 1708189, at *4 (S.D.N.Y. 2000)). Courts assess several factors, including 1) how much weight to accord to Plaintiff's choice of forum, which is "presumptively entitled to substantial deference," 2) the convenience of the witnesses, which is "typically regarded by courts as the most important factor in considering a motion to transfer pursuant to § 1404(a)"; 3) the location of relevant documents and the relative ease of access to sources of proof; 4) the relative convenience of the parties; 5) the locus of operative facts, which looks to the "site of the events from which the claim arises"; 6) the availability of process to compel the attendance of unwilling witnesses; 7) the relative means of the parties and whether either party's "financial situation would meaningfully impede its ability to litigate [the] case in either forum"; 8) the familiarity of the forum with the law governing the case; and 9) trial efficiency and the interests of justice *AIG Financial Products Corp.*, 675 F. Supp. 2d at 367-72; *see also New York Marine & Gen. Ins. Co.*, 599 F.3d at 112-13.

Defendants argue that the governing law factor, the locus of operative facts, and concepts of judicial efficiency favor Defendants whereas only the choice of forum factor supports Plaintiff, claiming that "only through selective use of the alleged facts and failure to credit Defendants' evidence" did the Report "narrowly recommend[] against transfer." (Def. Obj. at 15.) The Report thoroughly evaluated the factors, finding that many of them were neutral. Two

of the factors favored the granting of Defendants' transfer motion – the convenience of witnesses and the law governing the action. Three of the factors favored Plaintiff – the respective convenience of the forum to each party, each party's relative means, and the Plaintiff's choice of forum.

Based on the totality of the circumstances, the Report found transfer would be inappropriate, especially in light of the ability for Defendants to travel to New York compared to Plaintiff's relative inability and the inconvenience Plaintiff would suffer as a result. This Court accordingly concurs with Magistrate Judge Freeman's finding that Defendants have not overcome their burden of demonstrating that transfer is proper. Defendants' motion to transfer this action to the District of Colorado under 28 U.S.C. §§ 1404 and 1406 is therefore dismissed.

### D. Defendants' Motion to Dismiss Plaintiff's Claims Under Federal Rule of Civil Procedure 12(b)(6)

a. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929, 949 (2007)).

Plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S at 555. In addition, the facts pled in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* A district court considering a Rule 12(b)(6) motion must accept all factual allegations in the complaint as true,

while also drawing all reasonable inferences in favor of the nonmoving party. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

As stated above, the Report recommended that Defendants' motion to dismiss be granted as to portions of Plaintiff's promissory estoppel claim and breach of fiduciary duty claim but otherwise be denied, and that Plaintiff be permitted to amend his claim for negligent misrepresentation.

> b. <u>Plaintiff's Claims for Breach of Contract, Negligent Misrepresentation, Quantum Meruit and Unjust Enrichment, Promissory Estoppel, and Breach of Fiduciary Duty</u>

The Report found that to the extent Plaintiff's claims against the LTD are not dismissed, his claims against Defendants the LLC, Reed, and Grace should also survive. Defendants' objections to the Report's recommendation that many of Plaintiff's claims survive dismissal at this stage tend to generally repeat arguments previously made in Defendants' motion papers.

The Report found that Plaintiff had sufficiently pled a claim for breach of contract. Specifically, the Report found that Plaintiff had plausibly alleged that the parties had a "meeting of the minds" sufficient to find they established a contractual relationship. The Report rejected Defendants' argument related to the significance of the draft operating agreement's silence as to various financial components as to other individuals involved in the agreement, because the written agreement provided terms related to Plaintiff's equity interest and capital contribution amount. Defendants argue that "there was no meeting of the minds as to the most fundamental aspect of the parties' alleged 'agreement'" and that evidence Plaintiff's amended complaint relies on indicates that the entire equity interest is held by a category of individuals exclusive of Plaintiff. (Def. Obj. at 20.) Defendants argue that Plaintiff offers the draft contract as a legally

operative document rather than as evidence that the parties had a meeting of the minds, and that because that draft was not signed and formally executed, the parties cannot be bound by it. (Def. Obj. at 19-20.) Defendants argue that, even though Plaintiff's factual allegations are assumed to be true at this stage, contradictions between those facts and those in other documents, such as marketing materials allegedly prepared by Plaintiff, make dismissal proper. This Court concurs with the Report's conclusion that Plaintiff has pleaded a breach of contact claim. Defendants' objections do not show that Plaintiff failed to plead facts indicating that the parties entered into an agreement, and the parties' failure to sign the agreement does not preclude contract formation because Plaintiff's allegation of a meeting of the minds is sufficient at this stage.

With regard to Plaintiff's negligent misrepresentation claim, the Report recommended Plaintiff be granted leave to amend his Amended Complaint to comply with the requirement of Federal Rule of Civil Procedure 9(b) that allegations of fraud or mistake be pled with specificity because unlike Plaintiff's other claims, Plaintiff had not been given an opportunity to cure any defects in his negligent representation claim. Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Defendants object to Plaintiff being allowed to re-plead the negligent misrepresentation claim because, according to Defendants, he is a sophisticated businessperson and had the opportunity to review Defendants' motion to dismiss before it was denied as moot and that as a result, he would be impermissibly be given another bite at the apple if allowed to re-plead this claim. Given that Plaintiff commenced the action *pro se,* this Court concludes the Report properly found that Plaintiff should be allowed to amend his negligent misrepresentation claim.

The Report recommended that Defendants' motion to dismiss Plaintiff's quantum meruit

and unjust enrichment claim be denied. The Report concluded that these claims are not barred by Plaintiff's contract claim, as Defendants argue, because the parties dispute the existence of a contract and Plaintiff is entitled to pursue these claims in the alternative to his contract claim. The Report also found that Defendants' disagreement with the alleged value of the services Plaintiff provided was improper at this stage. Defendants claim the Report erred because there are inconsistencies with the number and substance of the hours Plaintiff claims to have worked and that Plaintiff did not demonstrate that his hourly wage was a reasonable value for his services. Defendants' objections, which partially repeat those made in their moving papers, is without merit because at this stage, Plaintiff's allegations are sufficient to survival dismissal.

The Report recommended that Defendants' motion to dismiss Plaintiff's promissory estoppel claim be granted on Plaintiff's claims that he was promised an interest an ownership interest in the ACOEM UMK joint venture and was promised additional compensation related to the sale of the LTD, but that the promissory estoppel claim survive to the extent that Plaintiff alleged he was promised an equity interest in the LLC. Defendants object on the basis that the parties had not settled on the percentage of equity interest in the LLC that Plaintiff was promised and that Plaintiff conceded as such. The amended complaint alleges that Plaintiff and Reed engaged in discussions in which Plaintiff expressed his expectation of a three percent equity interest, and sufficiently pleads facts indicating the existence of an LLC operating agreement reflecting the parties' understanding that Plaintiff would receive a two percent share in the LLC. Plaintiff has sufficiently alleged, at this stage, facts related to his alleged promise of an equity interest in the LLC.

As for Plaintiff's claim that Defendants are liable for breach of their fiduciary duty, the Report recommended that Defendants' motion to dismiss be granted as to Plaintiff's status as a

Director of the LTD and LLC and similarly should be granted to the extent such relationship is based upon an alleged special relationship of trust between the parties. The Report also recommended that Plaintiff's claim related to the alleged joint venture and Plaintiff's alleged equity interest in the LLC survive dismissal because the issue of Plaintiff's equity interest in the LLC cannot be decided at this stage, and if in fact Plaintiff did have an equity interest then Defendants Reed and Grace owed him a fiduciary duty as directors of the LLC. Defendants argue that Plaintiff has not established that he had an equity interest in the LLC and that on this basis the fiduciary duty claim must be dismissed. Defendants also argue that Plaintiff did not sufficiently allege a joint venture in the ACOEM UMK, therefore undermining any claim that they owe a related fiduciary duty to Plaintiff. As discussed above, Plaintiff's claim related to the joint venture survived dismissal. Defendants' objection generally repeats arguments previously made in support of dismissal, and are without merit.

As discussed above, having found that Plaintiff sufficiently stated claims against the LTD, the Report found that those claims should also survive dismissal as against Defendants LLC, Reed, and Grace. This Court concurs with that recommendation.

## CONCLUSION

For the reasons set forth above, this Court concurs with Magistrate Judge Freeman's Report and Recommendation and hereby adopts it, in its entirety, as the Order of this Court. Accordingly, Defendants' motion to dismiss is GRANTED in part and DENIED in part, as follows:

> Defendants' motion to dismiss is GRANTED as to Defendant Peter Nagel's for lack of personal jurisdiction.
>
> Defendants' motion to dismiss Plaintiff's promissory estoppel claim is DENIED as it relates to the alleged promise of an equity interest in the LLC. Defendants' motion to dismiss Plaintiff's promissory estoppel claim is otherwise GRANTED.
>
> Defendants' motion to dismiss Plaintiff's breach of fiduciary duty claim is DENIED as it relates to the alleged joint ventures and Plaintiff's alleged equity interest in the LLC and otherwise GRANTED.
>
> Plaintiff is hereby granted leave to amend his negligent representation claim to comply with Federal Rule of Civil Procedure 9(b).
>
> Defendants' motion to dismiss is otherwise DENIED.

This Court declines to rule on Plaintiff's motion *in limine* [dkt. 49] at this time.

SO ORDERED.

Dated:     New York, New York
           June 2⧸__, 2013

_____
RICHARD OWEN, U.S.D.J.